UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ASHLEY HURRLE (a/k/a ASHLEY ADAMS),<br>    Plaintiff,<br><br>v.<br><br>SNAKE RIVER RESTAURANTS, LLC, (a/k/a TACO BELL), THE ESTATE OF D.J. SOUTHWICK, and John Does I-IV,<br><br>    Defendants | Case No. 4:16-cv-220-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it six motions: (1) Taco Bell's motion for summary judgment and 4 motions to strike affidavits, and (2) Plaintiff Adams' motion to amend her complaint to add a claim of punitive damages. The Court heard oral argument on the motions on August 2, 2017, and took them under advisement. For the reasons explained below, the Court will dismiss the federal claims and exercise its discretionary authority to dismiss the state claims without prejudice to their being filed in state court.[1]

**FACTUAL BACKGROUND**

Plaintiff Adams began working at the Taco Bell located on Hitt Road in Idaho Falls in 2012. In 2013, when Adams was 17 years old, her shift supervisor was Daniel

---

[1] The Court will refer to the plaintiff as Adams and to the defendant as Taco Bell.

**Memorandum Decision & Order – page 1**

Southwick. Adams alleges that beginning in July of 2013, Southwick subjected her to sexual harassment, including requests for oral sex, inappropriate touching, and lewd comments.

Adams did not report the harassment as it was occurring, and it was not until another employee reported it in July of 2014, that Taco Bell was notified that it had occurred. Taco Bell immediately began an investigation conducted by its Director of Operations Bill Mandler. Within four days of starting the investigation, Taco Bell fired Southwick and turned the evidence over to the police. Shortly thereafter, criminal charges were filed against Southwick, and he committed suicide in September of 2014. A month later, in October of 2014, Adams left Taco Bell.

In this lawsuit, Adams has alleged claims against Taco Bell under Title VII for discrimination and retaliation. She also alleges state law claims for negligent supervision and negligent infliction of emotional distress. Taco Bell responded by filing a motion for summary judgment seeking dismissal of all claims, and a motion to strike four affidavits filed by Adams.

## ANALYSIS

### Title VII Claims – 90 day Rule

Before filing this lawsuit, Adams filed a claim with the Idaho Human Rights Commission (IHRC). The IHRC denied her claim on February 26, 2016. *See IHRC Decision (Dkt. No. 34-5).* At the conclusion of that decision, in a section entitled "Notice of Right to Sue," the IHRC notified Adams that "[a] private action under the Human Rights Act must be filed in court within 90 days of the date of issuance of this notice of

**Memorandum Decision & Order – page 2**

administrative dismissal. Failure to comply with this timeline may cause Complainant to lose the right to go to court." *See IHRC Decision (Dkt. No. 34-5).*

Adams filed her complaint in this action on June 2, 2016, which is 96 days after the IHRC issued its decision. Adams has not alleged any claims under Idaho's Human Rights Act, but she did allege claims under its federal counterpart, Title VII. While a plaintiff must typically obtain a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) before bringing a Title VII claim in federal court, a plaintiff may rely on a right-to-sue letter from a state counterpart like the IHRC. *Stiefel v. Bechtel Corp.,* 624 F.3d 1240, 1244-45 (9th Cir. 2010). Whether suing on the basis of a right-to-sue letter from the EEOC or a state counterpart, the plaintiff must file suit within 90 days from receipt of the right-to-sue letter. *Id. see also Clink v. Oregon Health & Science University,* 9 F.Supp.3d 1162. 1164-65 (D. Ore. 2014).

In this case Adams waited 96 days from the date of the issuance of the right-to-sue letter to file this action. In response to Taco Bell's argument that her filing was untimely under the 90-day rule, Adams did not argue in her briefing or at oral argument that her filing was timely given the date she received the IHRC decision. She also did not present any explanation for the late filing. The Court will therefore dismiss the Title VII claims based on discrimination and retaliation.

**State Law Claims**

As a result of the ruling above, only state law claims remain in this case. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has

**Memorandum Decision & Order – page 3**

original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)."). Factors for a court to consider in deciding whether to dismiss supplemental state claims include judicial economy, convenience, fairness, and comity. *Imagineering, Inc. v. Kiewit Pac. Co.,* 976 F.2d 1303, 1309 (9th Cir.1992).

Given that Adams' state claims raise some novel issues under Idaho law, the Idaho courts are best situated to resolve those issues. Moreover, this case is not so far along that it would be unfair to the parties to complete the case in state court. Having considered all the required factors, the Court declines to exercise supplemental jurisdiction and will dismiss the State claims without prejudice to their being filed in state court.

## Conclusion

Based on the rulings above, the Court will grant in part Taco Bell's motion for summary judgment. The motion is granted to the extent it seeks summary judgment on the Title VII claims based on discrimination and retaliation. The motion is denied to the extent it seeks summary judgment on the merits of the state law claims. The Court will instead dismiss the state law claims pursuant to the Court's discretionary authority under 28 U.S.C. § 1367(c)(3), without prejudice to Adam's right to refile the claims in Idaho state court.

Taco Bell's motions to strike affidavits are deemed moot, given these rulings. Adam's motion to amend her complaint to add a claim for punitive damages under Idaho

law is denied without prejudice to refile the motion in state court after the state law claims are refiled in state court.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (docket no. 31) is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent it seeks summary judgment on the Title VII claims based on discrimination and retaliation. The motion is denied to the extent it seeks summary judgment on the merits of the state law claims.

IT IS FURTHER ORDERED, that the state law claims are DISMISSED pursuant to the Court's discretionary authority under 28 U.S.C. § 1367(c)(3), without prejudice to plaintiff's right to refile the claims in Idaho state court.

IT IS FURTHER ORDERED, that the motions to strike (docket nos. 46, 47, 51 & 56) are DEEMED MOOT.

IT IS FURTHER ORDERED, that the motion to amend to add punitive damages (docket no. 38) is DENIED without prejudice to the right of plaintiff to refile the motion in state court in conjunction with a state court action on the state claims.

DATED: August 29, 2017

B. Lynn Winmill
Chief Judge
United States District Court